## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David C. Tabb,**
**Complainant Below, Petitioner**

**vs)  No. 15-0324**

**Frontier Communications of West Virginia,**
**Defendant Below, and the West Virginia**
**Public Service Commission,**
**Respondents**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner David C. Tabb, appearing pro se, appeals the order of the West Virginia Public Service Commission ("the PSC"), entered on March 11, 2015, dismissing his complaint against Respondent Frontier Communications of West Virginia ("Frontier"). Respondent Frontier appears by counsel Joseph J. Starsick, Jr. Respondent PSC, by counsel Richard E. Hitt and Susan M. Stewart, filed its statement of reasons for the entry of its order pursuant to Rule 14 of the West Virginia Rules of Appellate Procedure.

We note at the outset that West Virginia Code § 24-5-1 appears to require a "hearing on the application" in appeals from decisions of the Public Service Commission. However, Rule 14(k) of the West Virginia Rules of Appellate Procedure states that parties are entitled to present oral argument "unless otherwise provided by order." In all other appeals before this Court, oral argument is discretionary and scheduled only in cases where the Court determines that it will assist in determination of the issues on appeal. *See* R.A.P. 19(a) and 20(a). In light of this Court's plenary constitutional authority to articulate procedural rules pursuant to article VIII, section 3 of the West Virginia Constitution, we conclude that oral argument in appeals of cases originating with the Public Service Commission is discretionary. Having considered the parties' briefs and the record on appeal, the Court has determined that the facts and legal arguments are adequately presented in this case, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a formal complaint against Respondent Frontier with Respondent PSC on October 20, 2014, arguing that Frontier increased an E-911 fee without first confirming with the PSC that the fee increase was in compliance with statutes and rules. Respondent Frontier filed an answer, stating that it received notice of the effective date of the increase from the Jefferson County Commission, and enacted the increase, effective July 15, 2014, in accordance with the county commission's ordinance. The PSC ultimately found that Respondent Frontier "did not violate any applicable statutes or rules by adding the fee, created by a Jefferson County

1

[o]rdinance, to its bills[,]" and dismissed the case from its docket by order entered on March 11, 2015. Petitioner filed his appellate brief with this Court on April 10, 2015.

In his one assignment of error on appeal, petitioner argues that

> it was reversible and prejudicial error as well as an abuse of discretion for [Respondent] PSC to dismiss the complaint filed by petitioner against [Respondent] Frontier and remove the same from the docket . . . based on the legally incorrect conclusions that (1) it did not have jurisdiction over either the Jefferson County Commission or the E-911 fee imposed by the Jefferson County Commission in 2014, and (2) that [Respondent] Frontier did not violate any applicable statutes or rules when it added the fee created by a Jefferson County Commission [o]rdinance enacted in 2014 to its bills submitted to Jefferson County residents for E-911 telephone service.

We summarized the formula for review of an order of the Public Service Commission in syllabus point one of *Central West Virginia Refuse, Inc. v. Public Service Commission*, 190 W.Va. 416, 438 S.E.2d 596 (1993):

> The detailed standard for our review of an order of the Public Service Commission contained in Syllabus Point 2 of *Monongahela Power Co. v. Public Service Commission*, 166 W.Va. 423, 276 S.E.2d 179 (1981), may be summarized as follows: (1) whether the Commission exceeded its statutory jurisdiction and powers; (2) whether there is adequate evidence to support the Commission's findings; and, (3) whether the substantive result of the Commission's order is proper.

As a threshold matter, we note that the question of Respondent PSC's jurisdiction over the Jefferson County Commission is addressed in our memorandum decision, entered this day, in *Tabb v. The Jefferson County Commission and the West Virginia Public Service Commission*, No. 15-0323 (W.Va. Sup. Ct., _____)(memorandum decision). In that case, this Court affirmed the PSC's order in which the PSC concluded that it had jurisdiction over a county commission's increase of E-911 fees. We thus proceed to consider petitioner's assertion that Respondent PSC erred in finding "that [Respondent] Frontier did not violate any applicable statutes or rules when it added the fee created by a Jefferson County Commission [o]rdinance enacted in 2014 to its bills submitted to Jefferson County residents for E-911 telephone service."

Pursuant to West Virginia Code § 7-1-3cc(c), "[a] county commission may contract with the telephone company or companies providing local exchange service within the county for the telephone company or companies to act as the billing agent" for the collection of E-911 fees. Petitioner argues that, in fulfilling its role as billing agent, Respondent Frontier Communications failed to comply with West Virginia Code § 26-6-6, which provides, in part:

> (a) If a county commission decides to adopt an enhanced emergency services telephone system it shall first prepare a proposal on the implementation of the system and shall hold a public meeting on the proposal to explain the system

2

and receive comments from other public officials and interested persons. At least thirty but not more than sixty days before the meeting, the county commission shall place an advertisement in a newspaper of general circulation in the county notifying the public of the date, purpose and location of the meeting and the location at which a copy of the proposal may be examined.

. . . .

(b) Within three months of the public meeting required by this section the county commission may modify the implementation proposal. Upon completion and adoption of the plan by the commission, it shall send a copy of the plan to the public service commission, who shall file such plan and ensure that its provisions are complied with.

(c) After a plan is adopted, all telephone companies included in the plan are subject to the specific requirements of the plan and the applicable requirements of this article.

(d) A final plan may be amended only after notice of the proposed amendments is given, as provided in subsection (a) of this section and a new public meeting is held.

We discern in this section no requirements or duties imposed on the billing agent. Respondent Frontier Communications acted pursuant to a contractual relationship effected in accordance with West Virginia Code § 7-1-3cc(c). Petitioner has stated no claim falling under the authority of the Public Service Commission, and has shown no statutory duty with which Respondent Frontier failed to comply.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3